## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-60026-CIV-LENARD/GOODMAN

VILMA MARTINEZ,

      Plaintiff,

v.

SHELLPOINT MORTGAGE
SERVICING,

      Defendant.

_____/

### <u>ORDER ON DEFENDANT'S MOTION TO DISMISS</u>

Defendant Shellpoint Mortgage Servicing ("Defendant") filed a motion to dismiss ("motion") Plaintiff Vilma Martinez's ("Plaintiff") Amended Complaint, which alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, its implementing regulation, Regulation X, 12 C.F.R. § 1024, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and its implementing regulation, Regulation Z, 12 C.F.R. § 1026. [ECF Nos. 6; 9]. Plaintiff filed a response to the motion [ECF No. 12], but Defendant did not file an optional reply. Based on the parties' consent, United States District Judge Joan A. Lenard referred all pre-trial matters to the Undersigned. [ECF Nos. 22; 23]. Upon review of the motion, response, and the record, the Undersigned **grants in part and denies in part** the motion and gives Plaintiff fourteen days to file a Second Amended Complaint.

## I.     FACTUAL BACKGROUND[1]

On January 27, 2006, Plaintiff, the mortgagor, executed a promissory note and mortgage in favor of Countrywide Home Loans, Inc., the mortgagee, for the purchase of property in Hollywood, Florida.   [ECF No. 6, ¶¶ 12-13].   Defendant is the loan "servicer" for Plaintiff's mortgage loan.  [ECF No. 6, ¶ 7].

On October 9, 2015, Plaintiff sent to Defendant a Third-Party Agent Authorization authorizing Defendant to obtain, share, release, and or discuss with her third party designated agent, New Regs Research Group, LLC ("New Regs"), any and all details regarding the loan, including specifically the submitting of any requests for information ("RFIs") and notices of error ("NOEs").  [ECF No. 6, ¶ 14].

On October 12, 2015, Plaintiff submitted three separate RFIs to Defendant and requested that Defendant provide information relating to the Loan.[2]  [ECF No. 6, ¶ 15].

---

[1]     The facts in this background section are from Plaintiff's First Amended Complaint [ECF No. 6] and are deemed to be true for purposes of ruling on Defendant's motion.

[2]     The RFIs sought the following information:

    a.     The name, address, telephone number, website, email address and or any other information which identifies the alleged Owner(s) and Assignee(s) for the Loan;
    b.     Copies of any and all notices of any ownership transfer of the Loan to any other creditor, investor, or owner;
    c.     A list of all loss mitigation options the investor or assignee participates in;
    d.     A statement of any premiums and or fees assessed to the Loan account for any forced-placed insurance;

On October 20, 2015, after Defendant's failure to acknowledge receipt of the October 12th RFIs, Plaintiff, through New Regs, submitted another RFI, again requesting information in connection with the Loan. [ECF No. 6, ¶ 16].

On October 29, 2015, having yet to receive a response from Defendant regarding any of Plaintiff's submitted requests, Plaintiff's agent, New Regs, submitted to Defendant a NOE alleging that Defendant and its foreclosure counsel had taken certain actions in violation of 12 C.F.R. § 1024.41 and engaged in dual tracking. [ECF No. 6, ¶ 17].

On November 6, 2015, Plaintiff received a response letter from Defendant, dated November 3, 2015, stating that it was responding to Plaintiff's "correspondence dated October 9, 2015, regarding" the Loan. [ECF No. 6, ¶ 18].

On November 17, 2015, Defendant provided Plaintiff with payoff figures on the Loan. [ECF No. 6, ¶ 19].

---

    e.    A record of all property taxes that have been paid by the servicer;

    f.    The alleged date of default for the Loan;

    g.    An accurate and current statement of the total outstanding balance and/or the pay-off amount required to pay the Loan in full;

    h.    A copy of the last periodic statement mailed in connection with the Loan;

    i.    A list of any credit bureaus which have been notified in connection with the Loan along with any information associated with these reporting events.

[ECF No. 6, ¶ 15].

On November 25, 2015, having yet to receive an acknowledgement or response from Defendant with regard to her dual tracking NOE, Plaintiff retained legal counsel and filed a Motion to Stay and/or Cancel Sale Date in Broward County Circuit Court Case No. 2008-CA-58648 (the "Foreclosure Action").  [ECF No. 6, ¶ 20].

On November 30, 2015, Plaintiff sent to Defendant a NOE and RFI alleging that Defendant had yet to provide the owner contact information for Plaintiff's Loan.  [ECF No. 6, ¶ 21].

On November 30, 2015, after Plaintiff's effort to cancel the sale failed, Plaintiff's Property was sold to a third-party purchaser as the high bidder in the judicial foreclosure sale.  [ECF No. 6, ¶ 22].

On January 20, 2016, Plaintiff filed the ten-count Amended Complaint against Defendant, alleging violations of RESPA and its implementing Regulation X, violations of TILA and its implementing Regulation Z and seeking injunctive relief "in the form of a stay on the Foreclosure Action to allow for Plaintiff and Defendant to properly conclude their loss mitigation efforts and in order to avoid any further damages."  [ECF No. 6, ¶¶ 23-77, 83].

On March 17, 2016, Defendant filed this motion, arguing that Plaintiff failed to state a claim upon which relief can be granted under RESPA, Regulation X, TILA, and Regulation Z, and that the claim for injunctive relief should be dismissed as moot. [ECF No. 9].

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Id.* "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (internal citation omitted); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 546 (internal citation omitted).

The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

## III.   DISCUSSION

Defendant argues that Plaintiff's Amended Complaint should be dismissed for failure to state a claim under RESPA/Regulation X and TILA/Regulation Z, and that the claim for injunctive relief should be dismissed as moot.   Each argument will be discussed in turn.

### a.   RESPA/Regulation X

"RESPA prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquires."   *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) (internal citation omitted).   For example, RESPA requires a loan servicer to provide a written response acknowledging receipt of a qualified written request ("QWR") from a borrower within five days of the qualified written request.   12 U.S.C. § 2605(e)(1)(A).   RESPA imposes liability for failure to comply with its provisions in an amount equal to the sum of "any actual damages to the borrower as a result of the failure[.]"   12 U.S.C. § 2605(f)(1)(A).   A borrower may also recover statutory damages in the amount of $2,000 if there is a pattern or practice of noncompliance with RESPA.   12 U.S.C. § 2605(f)(1)(B).

Defendant argues that the Amended Complaint fails to state a claim under RESPA and Regulation X because it fails to allege that any violation resulted in <u>actual</u> damages. [ECF No. 9, p. 3].   It argues that the damages alleged in the Amended

Complaint occurred before any RESPA violation and therefore are not recoverable. [ECF Nos. 6, ¶¶ 26, 31, 38, 46, 53, 59, 67; 9, p. 3].  Plaintiff argues that she suffered actual damages when she sent multiple RFIs and NOEs <u>after</u> her original RFIs were sent and were ignored (or inadequately responded to).  [ECF No. 12, pp. 2-3.].  Plaintiff also notes that the Amended Complaint alleges statutory damages.  [ECF No. 12, p. 3].

"[C]osts incurred while preparing a qualified written request for information from a servicer cannot serve as a basis for damages because, at the time those expenses are incurred, there has been no RESPA violation."  *Long v. Residential Credit Sols., Inc.*, Case No. 9:15-CV-80590-ROSENBERG, 2015 WL 4983507, at *1 (S.D. Fla. Aug. 21, 2015) (citing *Steele v. Quantum Serv. Corp.*, 12-CV-2897, 2013 WL 3196544 (N.D. Tex. June 25, 2013)); *see also Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1355 (S.D. Fla. 2015).  "However, alleged **photocopying costs, postage costs, and reasonable attorney's fees incurred** after an incomplete or insufficient response to a QWR are actionable under RESPA."  *Miranda*, 148 F. Supp. 3d at 1355 (emphasis added) (citing *Rodriguez v. Seterus, Inc.*, No. 15-61253-CIV, 2015 WL 5677182, at *2-3 (S.D. Fla. Sept. 28, 2015); *Russell v. Nationstar Mortg., LLC*, No. 4-61977-CIV, 2015 WL 541893, at *2 (S.D. Fla. Feb. 10, 2015)).

Here, the Amended Complaint alleges that multiple NOEs and RFIs were sent to Defendant after Plaintiff's original RFIs were sent because the original RFIs were either

ignored or improperly responded to.  [ECF No. 6, ¶¶ 16-21, 26, 31, 38, 46, 51-53, 59, 67, 73, 77]. It alleges that Plaintiff is entitled to actual damages in the form of :

> (1) costs to prepare each request for information and subsequent notices of error; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X.

[ECF No. 6, ¶¶ 26, 31, 38, 46, 53, 59].  It further alleges actual damages in Plaintiff's preparation of the NOE as to dual tracking and RFIs as to the status of her complete loss mitigation application.  [ECF No. 6, ¶ 67].

Although Plaintiff is not entitled to the costs incurred in preparing and submitting the original October 12, 2015 RFIs (because no RESPA violation had occurred at that point), *see Miranda*, 148 F. Supp. 3d at 1355, she is entitled to seek the damages sustained after Defendant failed to timely respond to the original RFIs, *see id.* at 1354.   She has also alleged "a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b)."  [ECF No. 6, ¶ 26].  Accordingly, the Court finds that Plaintiff has adequately pled actual and statutory damages sufficient to survive Defendant's motion.

### b.    TILA/Regulation Z

Next, Defendant argues that "Plaintiff's Amended Complaint is further devoid of sufficient facts to assert actual damages pursuant to a TILA violation, as Plaintiff has

8

not alleged sufficient facts demonstrating detrimental reliance."  [ECF No. 9, p. 4].

Plaintiff concedes that detrimental reliance is necessary for a TILA claim for <u>actual</u>

damages, but argues that it does not apply to a claim for <u>statutory</u> damages, which, she

argues, she has adequately alleged.  [ECF No. 12, p. 4].

Defendant is correct that under TILA, "plaintiffs must demonstrate detrimental

reliance in order to be entitled to actual damages under TILA." *Turner v. Beneficial Corp.*,

242 F.3d 1023, 1028 (11th Cir. 2001).

Here, Count VIII alleges that Defendant failed to timely respond to Plaintiff's

written request for payoff information, in violation of 12 C.F.R. § 1026.36(c)(3). [ECF No.

6, ¶¶ 68-73].  Count IX alleges that Defendant failed to provide a periodic statement of

her mortgage loan, in violation of 12 C.F.R. § 1026.41.  [ECF No. 6, ¶¶ 74-77].  However,

these counts do not allege that Plaintiff detrimentally relied on any information

provided.  Accordingly, Counts VIII and IX fail to state a claim for actual damages

under TILA.  *See Turner*, 242 F.3d at 1026; *Santos v. Fed. Nat'l Mortgage Ass'n*, 889 F.

Supp. 2d 1363 1368 (S.D. Fla. 2012).

However, Counts VIII and IX also allege entitlement to **statutory** damages. [ECF

No. 6, ¶¶ 73, 77].  Specifically, they allege that Defendant violated 15 U.S.C. § 1640(a)(2)

of TILA in connection with a "credit transaction not under an open end credit plan that

is secured by real property or a dwelling[.]"15 U.S.C. § 1640(a)(2). Detrimental reliance

is not an element of a TILA claim for statutory damages.  *See Brown v. SCI Funeral Servs.*

*of Fla., Inc.*, 212 F.R.D. 602, 606 (S.D. Fla. 2003) ("The *Turner* decision clearly holds that reliance is not a necessary element for a statutory damage claim.") (citing *Turner*, 242 F.3d at 1028). Accordingly, the Court finds that Counts VIII and IX adequately allege statutory damages under TILA.

### c.      Injunctive Relief

Finally, Defendant argues that Count X -- which requests injunctive relief "in the form of a stay on the Foreclosure Action to allow for Plaintiff and Defendant to properly conclude their loss mitigation efforts and in order to avoid any further damages" -- should be dismissed as moot because the Foreclosure Action has been placed on inactive status pending the resolution of Plaintiff's appeal of the Final Judgment of Foreclosure. [ECF Nos. 6, ¶ 83; 9, p. 5]. Plaintiff argues that Count X is not moot: "The inactive status order entered in the Foreclosure Action is a state court order tied to the Plaintiff's state appeal and is therefore not a substitute for an injunction issued by this Court, which if granted would afford the Plaintiff the opportunity to properly conclude its loss mitigation efforts." [ECF No. 12, p. 5].

Neither party cites any authority to support their positions. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) ("[T]he 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up again *lies with the party asserting mootness*.") (quoting *Friends of Earth, Inc. v. Laidlaw Envtl. Servs (TOC),*

10

*Inc.*, 528 U.S. 167, 189 (2000) (emphasis added) (quoting *United States v. Concentrated Phosphate Exp. Ass'n, Inc.*, 393 U.S. 199, 203 (1968))).

In fact, the only evidence cited by Defendant in support of the mootness argument is an order indicating that the state action was placed on inactive status pending Plaintiff's appeal. [ECF No. 9-1]. This order was not attached by Plaintiff to the Amended Complaint and is attached only to Defendant's motion. By relying on this exhibit for its mootness argument, Defendant is asking the Undersigned to consider evidence that is outside the four corners of the Amended Complaint.

A court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under 12(b)(6). *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  However, "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim and (2) undisputed." *Miranda*, 148 F. Supp. 3d at 1353 (quoting *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). Although this state court order is not disputed by Plaintiff, I find that it is not central to Plaintiff's claims, and thus, I will not consider it.  Based on the lack evidence, I find that Defendant has not met its burden to establish mootness.

## IV.    CONCLUSION

Accordingly, the Undersigned (1) **grants in part and denies in part**  Defendant's motion [ECF No. 9]; (2) **dismisses without prejudice** Plaintiff's claims for actual

damages under TILA and Regulation Z; and (3) allows Plaintiff fourteen days from the date of this Order to file a Second Amended Complaint. If Plaintiff decides to travel on the existing First Amended Complaint (minus the dismissed claims) and not file another amended complaint, then Defendant must file an answer to the First Amended Complaint within fourteen days from the date that Plaintiff's deadline expired or within fourteen days from learning that Plaintiff would not be filing another version of this lawsuit, whichever occurs first.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on November 8, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Joan A. Lenard
All counsel of record